# EXHIBIT "B"

**SUPERIOR COURT OF**
**THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASHTON WILKINS<br>4020 Minnesota Avenue, NE<br>apt #532<br>Washington, DC 20019<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA<br><br>SERVE: Mayor Vincent Grey<br>Designee: Darlene Fields<br>441 4th street NW<br>Suite 600 South<br>Washington, D.C. 20001<br>202-724-6507<br><br>SERVE: Karl Racine, Attorney General<br>Designee: Darlene Fields or Tonia Robinson or Gale Rivers<br>Attorney General for the District of Columbia<br>441 4th Street, N.W., 6th Floor South<br>Washington, D.C. 20001<br>202-724-6295<br><br>and<br><br>OWAIS AKHTAR<br>1805 Bladensburg Road, NE<br>Washington, DC 20002<br><br>and<br><br>CAMERON REYNOLDS<br>1805 Bladensburg Road, NE<br>Washington, DC 20002<br><br>and | Civil Action No: 2017 CA 001426 B |

A WILLIS, JR.
1805 Bladensburg Road, NE
Washington, DC 20002

and

FRANCIS MARTELLO
1805 Bladensburg Road, NE
Washington, DC 20002

and

AMINA COFFEY
1805 Bladensburg Road, NE
Washington, DC 20002

Defendants.

## COMPLAINT

## COMPLAINT FOR MONEY DAMAGES WITH JURY DEMAND

1. This is an action for a judgment for money damages for assault and false arrest and malicious prosecution under the common law and unreasonable arrest and excessive force and fabrication of evidence and retaliatory arrest for expression of 1st Amendment rights under Section 1983 brought by plaintiff Ashton Wilkins against defendants the Government of the District of Columbia (hereinafter the "District of Columbia" or the "District") and Owais Akhtar Officer Cameron Reynolds, A Willis, Jr., Francis Martello, Amina Coffey, officers of the District of Columbia Metropolitan Police Department ("MPD").

2. At least three of the officers named herein attacked Mr. Wilkins because he peacefully objected to the way officers were manhandling young black people on the scene.

3. The three officers threw him to the ground, maced (or pepper sprayed) him in the face, and hit him with a billy club.

4. As one bystander described Mr. Wilkins after the assault, "his eyes were swollen shut, mouth bleeding, scraped and bruised. What I just seen was terrible... y'all had to pepper spray him AND beat him AND attack him 3 on 1?"

## PARTIES

5. Plaintiff Mr. Wilkins is a longtime resident of the District of Columbia.

6. Defendant government of the District of Columbia is a municipal corporation capable of being sued under D.C. Code § 1-102.

7. Defendants Owais Akhtar, Cameron Reynolds, A Willis, Jr., Francis Martello, and Amina Coffey are officers of the District of Columbia Metropolitan Police Department and they are employees of the MPD.

8. At all times defendants Owais Akhtar, Cameron Reynolds, A Willis, Jr., Francis Martello, and Amina Coffey (the "defendant officers") were acting within the scope of their employment and they were acting pursuant to a policy of the District of Columbia.

9. For purposes of § 1983 this complaint names defendants Owais Akhtar, Cameron Reynolds, A Willis, Jr., , Francis Martello, and Amina Coffey in their individual capacities.

## Factual Allegations

### Introduction

10. On March 8, 2016 at about 2:30 pm alongside of Clydes at Gallery Place and the common areas of Gallery Place at 707 7th Street, N.W., in Washington, DC., a group of young Black teens and persons in their early twenties had gather along with everyone else to have fun.

11. It was a beautiful sunny afternoon.

12. Two of the young people got into a dispute.

13. The MPD intervened.

14. Several MPD officers savagely hit and sprayed with pepper spray or mace or some other substance Mr. Wilkins and manhandled several young Black teens like they were rioting when in fact the fury and aggression and violence came from the officers.

15. Then the officers arrested the Young Black Men and charged them with APO (assaulting a police officer) as though the teens had caused the trouble.

16. At least three of the MPD attacked Mr. Wilkins because he peacefully and respectfully objected to the way the officers were manhandling and assaulting the other Black teens.

17. One of the officers, perhaps Officer Cameron Reynolds, beat Joseph Sidney Johnson about the head and body for at least 29 seconds without provocation or justification and then dragged him to a police car and gratuitously smashed his face into the roof of the police car.

18. One or more of the defendant officers savagely and without provocation sprayed Mr. Wilkins with "OC," a substance that burns the face and skin and thereby injured him physically and emotionally.

19. A second officer struck him with a police billy club.

20. Two or more of the defendant officers threw him on the ground.

21. There was no provocation for the attack and there was no need for force at all.

22. Mr. Wilkins did not resist.

23. Officer Owais Akhtar then swore out under oath a false statement to the effect that Mr. Wilkins swung at Officer Reynolds with a closed fist and that Mr. Wilkins assumed a fighting stance with raised arms and closed fist and that Mr. Wilkins struggled with officers Ahktar and Willis. This is false.

24. The other officers conspired with Officer Akhtar to file the false statement of facts and other police documents. All the officers knew that the prosecutors would rely on the false statements in making their decision to prosecute. The prosecutors did in fact rely on the false written reports and the false oral statements the officers made in support of the false written statements.

25. Officer Akhtar also falsely swore that Mr. Wilkins assumed a fighting stance with raised arms and closed fist and that Mr. Wilkins struggled with officers Ahktar and Willis. This is false.

26. Officer Akhtar also falsely swore that on-lookers menaced them by assuming a fighting stance and raising their clenched fists and uttering fighting or threatening words. This is false.

27. Officer Owais Akhtar omitted from the statement the fact that an officer in a bicycle helmet without provocation or justification sprayed Mr. Wilkins with a substance that caused him great and

intense pain and suffering and struck him while he was blinded, and other officers without provocation or justification threw Mr. Wilkins to the ground while he was blinded from the spray.

28. Officer Akhtar also omitted the fact that one of the officers, perhaps Officer Cameron Reynolds, beat Joseph Sidney Johnson about the head and body for at least 29 seconds without provocation or justification and then smashed his face into a police car.

29. Officer Akhtar also omitted the fact that one of the officers, the officer in a bicycle helmet, without provocation or justification, dragged Smith-Shearer, Patrick N around while he was hand cuffed by pulling on the hand cuffs causing him pain.

30. Officer Akhtar made other false statements in his reports that the prosecutors relied on in charging Mr. Wilkins and Mr. Johnson and Mr. Smith-Shearer.

31. The officers then falsely arrested Mr. Wilkins without probable cause and then they falsely swore out documents falsely charging him with APO which they knew the prosecutor would use in making the decision to prosecute Mr. Wilkins and they provided false statements to the prosecutor in support of the false documents.

32. The US Attorney did in fact prosecute Mr. Wilkins in 2016 CMD 003476: United States v. Wilkins, Ashton on the fabricated version of events provided by the officers herein.

33. Mr. Wilkins suffered great and intense pain and suffering as a result of the substance the members of the MPD sprayed in Mr. Wilkins' face and eyes and the billy club strike.

34. Mr. Wilkins also suffered emotional and physical pain and distress and loss of liberty from the events described above.

**The MPD has not meaningfully disciplined the defendant officers.**

35. The MPD has not disciplined any of the defendant officers for their conduct in this case.

**The District has ratified the defendant officers' conduct in this incident and in the incidents described above by not disciplining them.**

36. The District has ratified the defendant officers' conduct in this incident and in the incidents described above by not disciplining them.

37. The defendant officers are still in the field making arrests, operating without any decent restraint, totally beyond the pale of any acceptable police behavior.

**Claim 1 – Common law assault claim against the officers who assaulted Mr. Wilkins**

38. Mr. Wilkins adopts by reference the preceding paragraphs as if fully set forth herein.

39. One or more of the defendant officers savagely beat Mr. Wilkins and injured him physically, mentally, and emotionally.

40. One or more of the defendant officers sprayed mace or pepper spray or a similar substance in his face.

41. The assault of Mr. Wilkins was against his will and was not lawful or justified.

42. As a direct and proximate result of this assault, Mr. Wilkins suffered loss of liberty and physical injuries and emotional distress.

**Claim 2 – Common law assault claim against District of Columbia**

43. Mr. Wilkins incorporates herein the preceding paragraphs.

44. The District is liable in **respondeat superior** for the conduct of **its officers** in assaulting Mr. Wilkins against his will and without justification.

45. At all relevant times its agents, its officers described above, were acting within the scope of their employment pursuant to an official policy or practice of the Mayor and the City Council.

46. As a direct and proximate result of this assault, Mr. Wilkins suffered loss of liberty and physical injuries and emotional distress.

**Claim 3 – Common law false arrest against the officers who arrested Mr. Wilkins**

47. Mr. Wilkins adopts by reference the preceding paragraphs as if fully set forth herein.

48. One or more of the defendant officers arrested Mr. Wilkins without probable cause or justification.

49. The arrest of Mr. Wilkins was against his will and was not lawful or justified and was not supported by probable cause.

50. As a direct and proximate result of this arrest, Mr. Wilkins suffered loss of liberty and physical injuries and emotional distress.

**Claim 4 – Common law false arrest against District of Columbia**

51. Mr. Wilkins incorporates herein the preceding paragraphs.

52. The District is liable in **respondeat superior** for the conduct of its officers for falsely arresting Mr. Wilkins against his will and without justification.

53. At all relevant times its agents, its officers named above, were acting within the scope of their employment pursuant to an official policy or practice of the Mayor and the City Council.

54. As a direct and proximate result of this arrest, Mr. Wilkins suffered loss of liberty and physical injuries and emotional distress.

**Claim 5 – Common law malicious prosecution against District of Columbia**

55. Mr. Wilkins incorporates herein the preceding paragraphs.

56. The District (1) initiated a criminal prosecution against Mr. Wilkins, (2) maliciously and (3) without probable cause, (4) which terminated in favor of Mr. Wilkins when the trial court dismissed the case for want of prosecution, and (5) which caused a injury to the Mr. Wilkins nes.

57. As a direct and proximate result of this arrest, Mr. Wilkins suffered loss of liberty and physical injuries and emotional distress.

**Count 6 – 42 U.S.C. § 1983; Fourth Amendment claim against the officers who assaulted Mr. Wilkins for unreasonable force**

58. Mr. Wilkins adopts by reference the preceding paragraphs as if fully set forth herein.

59. One or more of the defendant officers assaulted Mr. Wilkins and used force against him by hitting him and spraying him as described above when no force was justified in violation of his Constitutional rights under the Fourth Amendment.

60. The use of force against Mr. Wilkins was against his will and was not lawful or justified.

61. None of the defendant officers assaulted Mr. Wilkins was justified in spraying or hitting him or continuing to hit or to spray Mr. Wilkins because he did not resist.

62. In hitting and spraying Mr. Wilkins the officers acted intentionally or maliciously, unjustifiably, and unreasonably in violation of Mr. Wilkins's well-established right under the Fourth Amendment to the United States Constitution to be free from excessive force.

63. The officers' conduct was the moving force behind the violations of Mr. Wilkins' constitutional rights and Mr. Wilkins's suffering loss of liberty and physical injuries and emotional distress.

64. As a direct and proximate result of this assault, Mr. Wilkins suffered loss of liberty and physical injuries and emotional distress.

**Count 7 – 42 U.S.C. § 1983; Fourth Amendment claim against the officers who falsely arrested Mr. Wilkins for false arrest**

65. Mr. Wilkins adopts by reference the preceding paragraphs as if fully set forth herein.

66. One or more of the defendant officers falsely arrested Mr. Wilkins without probable cause in violation of his Constitutional rights under the Fourth Amendment.

67. The arrest of Mr. Wilkins was against his will and was not lawful or justified.

68. The officers' conduct was the moving force behind the violations of Mr. Wilkins' constitutional rights and Mr. Wilkins's suffering loss of liberty and physical injuries and emotional distress.

69. As a direct and proximate result of this arrest, Mr. Wilkins suffered loss of liberty and physical injuries and emotional distress.

**Count 8 – 42 U.S.C. § 1983; Fifth Amendment claim against defendant Officer Akhtar for fabrication of evidence**

70. Mr. Wilkins adopts by reference the preceding paragraphs as if fully set forth herein.

71. Officer Akhtar orally told other officers and prosecutors that Mr. Wilkins threatened him and assaulted him and resisted arrest and the prosecuting agency relied on the false oral statements in prosecuting Mr. Wilkins.

72. Officer Akhtar falsely swore out a statement making the false claim that Mr. Wilkins threatened him and assaulted him and presented the false statement to the prosecuting agency and the prosecuting agency relied on the false statement in prosecuting Mr. Wilkins.

73. (1) Officer Akhtar as the investigating official (2) fabricated evidence (3) that was likely to influence a jury's decision, (4) forwarded that information to prosecutors, and (5) the Mr. Wilkins suffered a deprivation of liberty as a result because he was arrested, detained in a lock up, and subjected to prosecution and burdensome conditions of release as a result.

74. The officers' conduct was the moving force behind the violations of Mr. Wilkins' constitutional rights and Mr. Wilkins's suffering loss of liberty and physical injuries and emotional distress.

75. As a direct and proximate result of this arrest, Mr. Wilkins suffered loss of liberty and physical injuries and emotional distress.

**Count 9 – 42 U.S.C. § 1983; First Amendment claim against defendant Officer Akhtar and the other defendant officers for retaliatory arrest**

76. Mr. Wilkins adopts by reference the preceding paragraphs as if fully set forth herein.

77. Officer Akhtar and the other officers assaulted Mr. Wilkins and falsely arrested him and fabricated their version of events in radiation for his objecting to their unlawful treatment of other young black teens on the scene.

78. The officers' conduct was the moving force behind the violations of Mr. Wilkins' constitutional rights and Mr. Wilkins's suffering loss of liberty and physical injuries and emotional distress.

79. As a direct and proximate result of this arrest, Mr. Wilkins suffered loss of liberty and physical injuries and emotional distress.

**Count 10 – 42 U.S.C. § 1983; Municipal liability claim against defendant District of Columbia**

80. Mr. Wilkins adopts by reference the preceding paragraphs as if fully set forth herein.

81. The District adopted and ratified the officers' conduct by failing to discipline the officers for their conduct in this incident.

82. The District's custom and ratification was the moving force behind the violations of Mr. Wilkins' constitutional rights and Mr. Wilkins's suffering loss of liberty and physical injuries and emotional distress.

**RELIEF DEMANDED**

Mr. Wilkins respectfully requests that this Court grant him the following relief:

**A.** Enter a judgment in favor of plaintiff.

**B.** Enter a judgment awarding plaintiffs attorneys' fees and costs incurred in bringing this action under 42 U.S.C. § 1988; and

**C.** Grant such other relief as this Court deems just and proper.

| | |
|---|---|
| Respectfully submitted,<br><br>/s/ William Claiborne<br>WILLIAM CLAIBORNE<br>D.C. Bar # 446579<br><br>Counsel for Mr. Wilkins<br><br>2020 Pennsylvania Ave, NW<br>#395<br>Washington, DC 20006<br>Phone 202/824-0700<br>Email claibornelaw@gmail.com | |

**JURY DEMAND**

Plaintiffs demand a jury of six as to all claims so triable.

/s/William Claiborne
WILLIAM CLAIBORNE
D.C. Bar # 446579
Counsel for Plaintiff