**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASHTON WILKINS,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA, OWAIS AKHTAR, CAMERON REYNOLDS, A. WILLIS, Jr., FRANCIS MARTELLO, & AMINA COFFEY,<br><br>Defendants. | Civil Case No. 17-884 (CKK) |

**DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S**
**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendants District of Columbia ("the District"), Officer Owais Akhtar, Officer Cameron Reynolds, Officer Anthony Willis, Jr., Lt. Francis Martello, and Officer Amina Coffey, through undersigned counsel and pursuant to Fed. R. Civ. P. 7(b) and 56(e), respectfully move this Honorable Court to strike Plaintiff's Statement of Undisputed Material Facts (ECF DKT #35).

Plaintiff has not filed a cross-Motion for Summary Judgment, so his sixty-seven paragraph "Statement of Undisputed Material Facts" is not contemplated by the Rules governing this proceeding. This Court's Scheduling and Procedures Order (ECF DKT # 20) states:

> However, if the responding party has additional facts that are not directly relevant to its response, it must identify such facts in consecutively numbered paragraphs at the end of its responsive statement of facts. If additional factual allegations are made, the opponent must file a responsive statement of its own.

*Id.* at 6(e).

Plaintiff has not included only "additional factual allegations." Nor has he simply identified the "material" facts that were allegedly omitted from Defendants' Statement of Material Facts. Instead, Plaintiff has effectively re-plead and reargued every detail of this case. Further, most or all of the distinct factual allegations having a bearing on Defendants' Motion for Summary Judgment are already contained in Plaintiff's responsive Statement of Material Facts (ECF DKT # 29-1).

In addition, Plaintiff's Statement ostensibly contains sixty-seven paragraphs. But many of these seven-seven paragraphs contain numerous distinct facts. For example, Plaintiff's Statement of Undisputed Material Fact ¶ 17 contains approximately six discreet facts, none of which appear to have any bearing on the issues before this Court. Some allegations are pure argument, lacking any citation to the record. For example:

> Officers Akhtar and Reynolds in both their arrest report and in their statement of facts in their summary judgment motion exaggerate the situation they found in Gallery Place when they arrived[.]

*Id.* at ¶ 18.

Plaintiff argues that "Officers Akhtar and Reynolds in both their arrest report and in their statement of facts try to "gaslight" this Court by exaggerating the actions of the bystanders they found when they arrived in Gallery Place." *Id.* at ¶ 19. The inclusion of these arguments is a violation of this Court's Scheduling and Procedures Order. (ECF DKT # 20, no. 6(a) and (b)). Defendants therefore ask that Plaintiff's Statement of Undisputed Material Facts be stricken from the record. Defendants will file a Reply brief by the April 22, 2019 deadline, but they respectfully ask the Court to waive its requirement that they file a "responsive statement of [their] own." (ECF DKT # 20 at ¶ 6(e)). The burden of doing so for Defendants, and the

apparent futility of effectively responding to an extended argument, weighs strongly in favor of granting this relief.

In support of this Motion, Defendants submit the attached memorandum of points and authorities and a proposed order for the Court's consideration.

DATE: March 25, 2019                    Respectfully submitted,

                                                        KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Michael K. Addo*
MICHAEL K. ADDO [1008971]
Chief, Civil Litigation Division, Section IV

/s/ *Benjamin E. Bryant*
BENJAMIN E. BRYANT [1047632]
ROBERT A. DEBERARDINIS, JR. [335976]
Assistant Attorneys General
441 4th Street, NW, Suite 630 South
202-724-6652; (202) 724-6642
202-730-0624 (fax)
benjamin.bryant@dc.gov;
robert.deberardinis@dc.gov

*Counsel for Defendants*

## CERTIFICATION PURSUANT TO LCvR 7(m)

Pursuant to LCvR 7(m), the undersigned counsel hereby certifies that he sought consent for the relief sought by this Motion from Plaintiff's counsel William Claiborne, Esq., copying Plaintiff's counsel Joseph Scrofano, Esq., on March 22, 2019 via electronic mail. Plaintiff has not consented, and this Motion is opposed.

/s/ *Benjamin E. Bryant*
BENJAMIN E. BRYANT

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASHTON WILKINS,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA, OWAIS AKHTAR, CAMERON REYNOLDS, A. WILLIS, Jr., FRANCIS MARTELLO, & AMINA COFFEY,<br><br>Defendants. | Civil Case No. 17-884 (CKK) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendants District of Columbia ("the District"), Officer Owais Akhtar, Officer Cameron Reynolds, Officer Anthony Willis, Jr., Lt. Francis Martello, and Officer Amina Coffey, through undersigned counsel and pursuant to Fed. R. Civ. P.7(b) and 56(e), respectfully move this Honorable Court to strike Plaintiff's Statement of Undisputed Material Facts. Plaintiff has failed to comply with this Court's Orders regarding the proper procedures to follow in opposing a motion for summary judgment and has thereby made it impossible for Defendants to respond. Defendants therefore ask that Plaintiff's Statement of Undisputed Material Facts (ECF DKT # 35) be stricken from the record in its entirety.

**BACKGROUND**

On November 13, 2018, the District, Officer Owais Akhtar, Officer Cameron Reynolds, Officer Anthony Willis, Jr., Lt. Francis Martello, and Officer Amina Coffey filed a Motion for

Summary Judgment. (ECF DKT # 21).  On February 20, 2019, Plaintiff filed an Opposition to Defendants' Motion for Summary Judgment. (ECF DKT # 25 and # 26).

This Court then struck Plaintiff's opposition papers. Feb. 21, 2019 Minute Order.

On March 8, 2019, Plaintiff filed a renewed opposition, which included "Plaintiff's Statement of Undisputed Material Facts." (ECF DKT # 35).  Due to the pervasive deficiencies identified in further detail below, Defendants now move to strike Plaintiff's Statement of Undisputed Material Facts.

## ARGUMENT

**I.     This Court Should Strike Plaintiff's Filing Because It Contains Argument to Which No Response Is or Should Be Required.**

Plaintiff did not comply with this Court's Order because his current Statement of Undisputed Material Facts contain many paragraphs of pure argument.  For example:

> 8.    Defendants did not point to any summary judgment materials showing that defendants gave Mr. Wilkins any commands after Defendants' Ex. G starts [*sic*].
>
> 9.    Defendants did not point to any summary judgment materials showing that Mr. Wilkins heard any commands from any officer after Defendants' Ex. G starts [*sic*].
>
> […]
>
> 11.   No SMFs indicate any officer told Mr. Wilkins he was under arrest.
>
> […]
>
> 18.   Officers Akhtar and Reynolds in both their arrest report and in their statement of facts in their summary judgment motion exaggerate the situation they found in Gallery Place when they arrived[.]
>
> […]
>
> 29.   Defendants' presentation of Officer Reynolds's attack and savage beat down of Mr. Johnson presents a fake narrative paints a misleading picture.

[…]

33. Subsequently, Akhtar snuck a strike to Mr. Wilkins's back after Officer Willis pepper-sprayed Mr. Wilkins (shown on Defendants' Ex. G) after Officer Akhtar had already hit Mr. Wilkins a "bunch of times" on his legs.  Defendants try to collapse the two separate events into one event, defendants' SMF ¶ 18, but this SMF is contradicted by Mr. Wilkins' deposition testimony, and it is not clearly contradicted by any video. This section addresses the Akhtar's first "off-video" strikes to the leg and knee.

59. The officers colluded in producing a false narrative of the events in their arrest report that falsified inculpatory facts about the arrestees and omitted all inculpatory facts knowing that the AUSA would reply on their version of events to make the decision whether to "paper" the case.

60. Willis, Akhtar and Reynolds lied and fabricated a false narrative in the arrest report when they helped Akhtar write an arrest report which omitted all mention of Reynolds use of violence against Johnson, and Officer Willis' use of violence against Horton Smith-Shearer, and his false seizure of Mr. Favors, and which omitted all mention of their use of force against Mr. Wilkins.

61. Officer Akhtar's "belief" that he claimed to have seen Mr. Wilkins swung at Reynolds' back area was intentionally fabricated.

62. Officer Akhtar's testimony that "when Officer Reynolds was on the ground, he -- not bent over, but like a squat position, and he -- it looked like he was swinging on his back area" was intentionally fabricated. See defendants' SMF ¶¶ 12 and 13.

63. Officer Willis' "belief" that he claimed to have seen Mr. Wilkins swung at Reynolds' back area was intentionally fabricated.

64. Officer Willis' testimony that "I know -- remember glancing out the corner of my eye that when Officer Reynolds -- Reynolds was on the ground, and I didn't know what he was doing, but he was doing something," is intentionally fabricated.

65. [T]he officers' arrest report paints a disingenuous picture to the extent it says: […]

66. The bystander video does not show Mr. Wilkins swinging at Officer Reynolds nor does it show Mr. Wilkins' "raising his arms" or

>> "[taking] a fighting stance." Mr. Wilkins' arms are at his sides the whole time. Wilkins depo, Ex. W5. Second, Officer Ahktar's report whitewashes the savagery of the police attack on Mr. Wilkins. Officer Ahktar's report describes: "A struggle ensued between defendant Wilkins and officers Akhtar and Willis."

ECF DKT # 35 at pages 2, 3, 6, 9, 10.

Few of the above-referenced paragraphs even cite to the record. Other paragraphs refer to facts but also include argument. For example:

> 25. According to Officer Willis, Mr. Favors was "the most dangerous threat at the moment" and Officer Willis had already neutralized that "threat" by putting hand cuff on him. p. 254. And even Mr. Favors obviously did not pose a real threat because Officer Willis testified at his deposition that Mr. Favors was not "an active threat towards us, nor did he swing at us." Willis depo., p. 262.

*Id.* at page 5.

*See also Id.* at ¶ 28 ("Also, the fact that he did not go to help Officer Willis, Reynolds depo, p. 85, belies the assertion.") Despite this Court's February 21, 2019 Minute Order, Plaintiff also included a legal citation in one of his arguments, quoting from *In re T.L.*, 996 A.2d 805, 811 (D.C. 2010). *Id.* at ¶ 20, page 3. These are arguments, not material facts.

Striking Plaintiff's Statement is not a harsh remedy given this Court's authority to deem a Motion for Summary Judgment unopposed if the nonmoving party fails to comply with Rule 56(e) and the local rules in other circumstances. *Twist v. Meese*, 854 F.2d 1421 (D.C. Cir. 1988) (citing *Tarpley v. Greene*, 684 F.2d 1 (D.C. Cir. 1982)). In *Twist v. Meese*, the court noted that "a district court judge should not be obligated to sift through hundreds of pages of depositions, affidavits, and interrogatories in order to make his own analysis and determination of what may, or may not, be a genuine issue of material disputed fact." 854 F.2d at 1425. Plaintiff's superfluous Statement of Undisputed Material Facts results in a similar burden on the Court.

This Court has stated that "there shall be no ambiguous responses of 'not disputed, with

qualifications,' 'true, but,' or other permutations." February 21, 2019 Minute Order. Plaintiff's Statement makes it impossible for Defendants to respond as required because so many of the paragraphs contain facts that are not at issue or contain pure argument. Any attempt to respond to them would require Defendants to also make improper arguments. Per the Court Rules and this Court's Orders, such arguments belong in the parties' briefs.

Because Plaintiff's inclusion of argument has made it impossible to respond in a manner that complies with the Court's orders, Defendants Motion to Strike should be granted.

## II.     The Court Should Strike Plaintiff's Filing Because It Violates This Court's Scheduling and Procedures Order.

This Court's Scheduling and Procedures Order provides that in responding to a motion for summary judgment:

> The responding party must include any information relevant to its response in its correspondingly numbered paragraph, with specific citations to the record. However, if the responding party has additional facts that are not directly relevant to its response, it must identify such facts in consecutively numbered paragraphs **at the end** of its responsive statement of facts. **If additional factual allegations are made, the opponent must file a responsive statement of its own.**

ECF DKT # 20 at ¶ 6(e) (emphasis in original).

The responding party is apparently bound to the same requirement imposed on the moving party: "[t]he statement must contain **only one factual assertion in each numbered paragraph**." *Id.* at ¶ 6(b) (emphasis in original). Plaintiff's filing is in clear violation of these dictates.

Further, this Court's February 21, 2019 Minute Order states in pertinent part:

> There are additional problems with Plaintiff's [25-1] Statement of Undisputed Material Facts with Plaintiff's Final Objections and Counterstatement of Facts. Plaintiff shall strictly comply with Paragraph 6 of the Court's [20] Scheduling and Procedures Order.

> Although the Court expects full compliance with those instructions, the Court shall address glaring issues here. The revised statement(s) shall exclude all legal argument and legal citations; any excised legal argument or legal citations may be included in a revised Opposition brief.

*Id.*

Plaintiff has not complied with this Court's Order because most of his paragraphs contain numerous facts and many do not cite to the record.

Paragraphs 11, 12, 18, 29, 31, 37, 49, 52, 59, 60, 61, 63, and 64 contain no citation to the record. This violates LCvR 7(h), which requires oppositions to summary judgment motions to include:

> a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement.

*Id.*

Plaintiff has also violated this Court's Scheduling and Procedures Order (ECF DKT #20), ¶ 6(b), which states in part that "The statement must contain only one factual assertion in each numbered paragraph." Plaintiff has instead included many paragraphs that contain numerous allegations of fact. *See* ECF DKT # 35 at ¶¶ 11, 18, 25, 28, 29, 30, 66, and 67. Paragraph 17 is also deficient. It states:

> 17. When Officers Akhtar and Reynolds arrived on scene, Officer Coffey was detaining Horton Smith-Shearer up against the side of Clyde's near the brass fireplug and Officer Willis was putting handcuffs on Mr. Favors on the steel grate just off the cement strip that borders Clyde's, and then the two moved out into the middle of the plaza. Harrison video, 28; 1:08; Clyde's video, 16:24:00 to 16:24:11; Coffey holding onto guy in handcuffs; Willis trying to detain someone (Akhtar, 87); Individual being detained by Willis standing up; Akhtar could not see what individual was doing while

6.

>> Willis was trying to detain him; Willis did not appear to need assistance (Akhtar, 87-88).

*Id.* at page 3.

This appears to be a narrative of the contents of a video, and it contains approximately eight distinct facts.

In addition, two numbered "statements" are just pictures. *Id*. at ¶ 42, 43.  Defendants cannot respond to pictures because they do not know what "material" fact Plaintiff claims are depicted.

Further, Plaintiff has included facts that are not material to Defendants' Motion for Summary Judgment.  For example, Plaintiff states:

> 14. Little brother and good shepherd Mr. Johnson were trying to leave Gallery Place when Officer Akhtar accosted little brother in an aggressive and disrespectful manner. Harrison video, 1:18 to 1:20, Johnson depo, p. 52-4. The video shows them walking away from Officer Coffey and Horton Smith-Shearer on the left and Officer Willis and Mr. Favors (holding a skateboard) on the right (from the viewer's perspective). Clyde's video, 16"23:49 to 16:24:00; Harrison video 1:17 to 1:20.
>
> 15. Heckler Harrison never incited the bystanders against the police as the audio evidences. Harrison video, passim.
>
> 16. Heckler Harrison never urged Horton Smith-Shearer to break free nor did he urge anyone to intervene to break him free. Harrison video, passim.

ECF DKT #35 at page 3.

Neither "little brother" nor "Good shepherd Mr. Johnson" nor "Heckler Harrison" are parties to this suit, and Plaintiff's arguments here have no bearing on the issues presented to the Court in Defendant's Motion. *See also, Id.* at ¶ 17, page 3.  These deficiencies also justify striking Plaintiff's Statement of Undisputed Material Fact from the record.

Plaintiff's failure to comply with the rules makes it impossible for Defendants to respond in a manner that complies with the Court's Scheduling and Procedures Order. Accordingly, the Court should strike Plaintiff's filing.

## **CONCLUSION**

For the foregoing reasons, an appropriate response to Plaintiff's Statement of Undisputed Material Facts is not possible. Defendants therefore move the Court to strike it from the record. Defendants will a Reply brief addressing Plaintiff's Opposition by the current April 22, 2019 deadline, but respectfully ask that they be relieved from this Court's requirement that they furnish "a responsive statement of [their] own" without considering any "facts" as "conceded."

DATE: March 25, 2019

Respectfully submitted,

KARL A. RACINE
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ *Michael K. Addo*
MICHAEL K. ADDO [1008971]
Chief, Civil Litigation Division, Section IV

/s/ *Benjamin E. Bryant*
BENJAMIN E. BRYANT [1047632]
ROBERT A. DEBERARDINIS, JR. [335976]
Assistant Attorneys General
441 4th Street, NW, Suite 630 South
202-724-6652; (202) 724-6642
202-730-0624 (fax)
benjamin.bryant@dc.gov;
robert.deberardinis@dc.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ASHTON WILKINS,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNMENT OF THE DISTRICT OF COLUMBIA, OWAIS AKHTAR, CAMERON REYNOLDS, A. WILLIS, Jr., FRANCIS MARTELLO, & AMINA COFFEY,<br><br>Defendants. | Civil Case No.  17-884 (CKK) |

## **ORDER**

Upon consideration of Defendants' Motion to Strike Plaintiff's Statement of Undisputed Material Facts (ECF DKT ¶ 35), any opposition thereto, and the entire record herein, it is

**ORDERED** that the motion is hereby **GRANTED**; and it is further

**ORDERED** this Plaintiff's Statement of Undisputed Material Facts is hereby **STRICKEN**;

**SO ORDERED.**

Dated: _____, 2019

                                                                                            _____
                                                                                            COLLEEN KOLLAR-KOTELLY
                                                                                            United States District Judge