# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ASHTON WILKINS,

     Plaintiff,

     v.

DISTRICT OF COLUMBIA, *et al.*,

     Defendants.

Civil Action No. 17-884 (CKK)

## MEMORANDUM OPINION
(August 9, 2019)

Defendants, the District of Columbia and five Metropolitan Police Department ("MPD") officers,[1] move to strike Plaintiff Ashton Wilkins's [35] Statement of Undisputed Material Facts ("Plaintiff's Statement"), which accompanies Plaintiff's [37] Opposition to Defendants' Motion for Summary Judgment. Upon consideration of the briefing,[2] the relevant legal authorities, and the record as a whole, the Court shall exercise its discretion to **GRANT** Defendants' [40] Motion to Strike Plaintiff's Statement of Undisputed Material Facts ("Motion to Strike"). Although the Court shall not rely on Plaintiff's Statement when evaluating his [37] Opposition to Defendants' Motion for Summary Judgment, the Court shall consider his [29-1] "Defendants' Statement of Undisputed Material Facts with Plaintiff's Final Objections and Counter-statement of Facts" ("Plaintiff's Objections"). The Court shall instruct Defendants to indicate their view of whether,

---

[1] The defendant officers are Owais Akhtar, Amina Coffey, Francis Martello, Cameron Reynolds, and A. Willis, Jr.

[2] The Court's consideration has focused on the following documents:

- Mem. of P&A in Supp. of Defs.' Mot. to Strike Pl.'s Stmt. of Undisputed Material Facts, ECF No. 40 ("Defs.' Mem.");
- Pl. Mr. Wilkins's Opp'n to Defs.' Mot. to Strike, ECF No. 41 ("Pl.'s Opp'n"); and
- Defs.' Reply to Pl.'s Opp'n to Defs.' Mot. to Strike Pl.'s Stmt. of Undisputed Material Facts, ECF No. 42 ("Defs.' Reply").

and to what extent, Plaintiff's [29-2] "Additional Facts Relevant to Defendants [sic] SMF" ("Plaintiff's Additional Facts") is responsive to Defendants' [41-1] Statement of Undisputed Material Facts ("Defendants' Statement"). This Memorandum Opinion shall examine the relationship between Defendants' Statement, Plaintiff's Objections thereto, Plaintiff's Additional Facts, Plaintiff's Statement, and Defendants' Motion to Strike that statement.

This action arises from MPD's alleged response to an incident that took place in the Gallery Place area of Washington, D.C., on March 8, 2016. The Court previously summarized certain of Plaintiff's allegations about that incident in *Johnson v. District of Columbia*, 326 F.R.D. 346, 347 (D.D.C. 2018), and need not elaborate here.

Following a contentious discovery period, the parties began summary judgment briefing. Because Plaintiff chose not to move for summary judgment, which is his choice, the parties have been briefing only Defendants' [21] Motion for Summary Judgment. After the Court granted Plaintiff's three requests for extensions of time to file his opposition, Plaintiff at last did so, but "a number of procedural issues" with that briefing prompted the Court to strike it *sua sponte*. Min. Order of Feb. 21, 2019 (indicating that it otherwise would be "difficult for Defendants to respond and for the Court to sift through the pleadings"); *see also* Min. Order of Feb. 20, 2019 (three extensions). The Court made clear, in pertinent part, that

> Plaintiff appears to have filed incorrect versions of his [26] exhibits and perhaps his [25-2] Statement of Undisputed Material Facts. Both of these filings appear to pertain to related case *Johnson v. District of Columbia*, No. 17-cv-883, rather than to this case. Plaintiff's filings in this case, including material facts, should be strictly limited to what is necessary to support his own case.

> There are additional problems with Plaintiff's [25-1] Statement of Undisputed Material Facts with Plaintiff's Final Objections and Counterstatement of Facts. Plaintiff shall strictly comply with Paragraph 6 of the Court's [20] Scheduling and Procedures Order. Although the Court expects full compliance with those instructions, the Court shall address glaring issues here. The revised statement(s) shall exclude all legal argument and legal citations; any excised legal argument or

legal citations may be included in a revised Opposition brief. Each paragraph responding to Defendants' statement of material facts shall briefly state whether Plaintiff admits or denies each fact. If Plaintiff admits in part and denies in part a given fact paragraph, then he shall very specifically distinguish which parts he admits and denies; there shall be no ambiguous responses of "not disputed, with qualifications," "true, but," or other permutations. Any denial importantly shall include a record citation and shall state in very summary form the factual content that contradicts Defendants' assertion. *Contra, e.g.*, Defs.' Stmt. of Undisputed Material Facts with Pl.'s Final Objs. and Counterstmt. of Facts, ECF No. [25-1], ¶ 4 (not citing any portion of record for contention that, *inter alia*, "Mr. Johnson moved and did not stay in the same position"). Lastly, there does not appear to be any counterstatement of facts; perhaps Plaintiff's substitute for his [25-2] filing, as discussed above, will add a counterstatement if he intends to submit one, as the title of his [25-1] filing suggests.

Min. Order of Feb. 21, 2019. The Court permitted Plaintiff to file a revised version of his Opposition and accompanying materials, which he did. That filing prompted Defendants' pending Motion to Strike, which has now been fully briefed.

At the threshold, Defendants could have communicated at greater length and secured a clearer indication and confirmation of Plaintiff's view before filing their Motion to Strike. *See* LCvR 7(m); Defs.' Reply, Ex. A, ECF No. 42-1 (the parties' email correspondence). But, in an effort to comply with Local Civil Rule 7(m), Defendants did contact Plaintiff for his view and, at Plaintiff's request, did identify the issues in barebones fashion. Moreover, Defendants' Motion to Strike includes a Rule 7(m) certification stating that "Plaintiff has not consented, and this Motion is opposed." Defs.' Mot. to Strike Pl.'s Stmt. of Undisputed Material Facts, ECF No. 40, at 4. It is technically true that Plaintiff did not consent, but he never stated in the parties' email exchange that he decided to oppose. Nevertheless, the Court doubts that further discussion would have been fruitful, given the scope of Defendants' arguments in their Motion to Strike, and Plaintiff's continuing resistance thereto. *English v. Washington Metro. Area Transit Auth.*, 323 F.R.D. 1, 25-26 (D.D.C. 2017) (Meriweather, Mag. J.) (evaluating merits of motion for protective order against Federal Rule of Civil Procedure 30(b)(6) deposition notice—despite insufficient pre-filing

conferral—due to "likely futil[ity]" of requiring further Local Civil Rule 7(m) discussion).

Accordingly, "in the interest of judicial economy," the Court finds that Rule 7(m) deficiencies

shall not prevent the Court from reaching the merits of Defendants' Motion to Strike. *Id.* at 26

(citing *Styrene Info. & Research Ctr., Inc. v. Sebelius*, 851 F. Supp. 2d 57, 62 n.3 (D.D.C. 2012)).

"Nonetheless, the Court admonishes counsel to pay greater heed to their duty to confer during the

course of this litigation." *Styrene Info. & Research Ctr., Inc.*, 851 F. Supp. 2d at 62 n.3 (construing

the duty to confer under Local Civil Rule 7(m) to require in person or telephone communications).

Turning to the merits of Defendants' Motion to Strike, the Court notes that their motion

challenges only Plaintiff's Statement, not his Objections or his Additional Facts. To the extent that

Plaintiff's Objections are in conformance with the relevant rules, the Court will consider them in

resolving Defendants' Motion for Summary Judgment. The Court shall also evaluate the

responsiveness of Plaintiff's so-called "Additional Facts" with the aid of the response that the

Court shall instruct Defendants to supply.

As for the challenge to Plaintiff's Statement, the Court begins with Local Civil Rule

7(h)(1), which requires in pertinent part that an opposing statement of material facts consist of a

"separate concise statement of genuine issues setting forth all material facts as to which it is

contended there exists a genuine issue necessary to be litigated, which shall include references to

the parts of the record relied on to support the statement." "Requiring strict compliance with the

local rule is justified both by the nature of summary judgment and by the rule's purposes." *Jackson

v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir. 1996)

(quoting *Gardels v. CIA*, 637 F.2d 770, 773 (D.C. Cir. 1980) (addressing a prior, but materially

identical version of rule)) (internal quotation marks omitted). In short, summary judgment

briefing—including the affirmative and opposing statements of material facts—is designed to

"isolate[ ] the facts that the parties assert are material, distinguish[ ] disputed from undisputed facts, and identif[y] the pertinent parts of the record." *Id.* at 151 (quoting *Gardels*, 637 F.2d at 773) (internal quotation marks omitted). The briefing does not do so when the statement is long, the putative disputes are not genuine, the facts are not material, non-factual material is included, and/or references to the record are lacking. The casualty is the Court's ability "to maintain docket control and to decide motions for summary judgment efficiently and effectively." *Id.* at 150.

The Court of Appeals upheld a strict application of the local rule in *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*. In the trial court below, the defendant(s) had moved for summary judgment, and the plaintiff had filed two versions of what could generously be construed as a responsive statement of material facts. *See id.* at 148, 153. The court granted the defense's motion to strike one version for failure to comply with a materially identical predecessor of current Local Civil Rule 7(h)(1), and the court evidently did not rely on the other version, namely a "'relevant facts' section" of the plaintiff's brief. *Id.* at 148-49. The Court of Appeals found that the district court had not abused its discretion, and observed the following about the "relevant facts" version:

> Twenty-nine pages long, the section hardly complies with the rule's requirement that statement [sic] of genuine disputed material issues be "concise." Replete with factual allegations not material to Jackson's substantive claims and repeatedly blending factual assertions with legal argument, the "relevant facts" section does not satisfy the purposes of a Rule 108(h) statement. In order to identify material disputed issues that would preclude the entry of summary judgment, the court would have to sift and sort through the record, that is, engage in time-consuming labor that is meant to be avoided through the parties' observance of Rule 108(h). Requiring the court to treat Jackson's "relevant facts" statement as his Rule 108(h) statement would therefore undermine the purposes of the rule by improperly placing the burden on the court, rather than on the opposing party or his counsel, to "winnow the wheat from the chaff." *Bell, Boyd, & Lloyd v. Tapy*, 896 F.2d 1101, 1103 (7th Cir. 1990).

*Jackson*, 101 F.3d at 153 (footnote omitted).

Much the same could be said about Plaintiff's Statement in this case. First, the Statement contains a total of 67 numbered paragraphs. Some of those paragraphs contain a great many facts. *E.g.*, Pl.'s Stmt. ¶ 17 (more than seven lines of run-on text with numerous factual assertions); *id.* ¶ 22 (six sentences with numerous factual assertions). The length and complexity of Plaintiff's Statement stands in sharp contrast to Defendants' Statement, which is only 29 paragraphs. Suffice it to say, Plaintiff's Statement is not concise.

Despite the Court's *express* instruction otherwise in its Minute Order of February 21, 2019, Plaintiff's Statement also includes both legal argument and legal authority. *E.g.*, *id.* ¶ 8 ("Defendants did not point to any summary judgment materials showing that defendants gave Mr. Wilkins any commands after Defendants' Ex. G starts [sic]."); *id.* ¶ 20 (arguing, *inter alia*, that "the mere fact that an officer fears 'a hostile reaction in a neighborhood he did not consider police-friendly cannot substitute' for seizures and arrests without probable cause" and concluding with citation to *In re T.L.*, 996 A.2d 805, 811 (D.C. 2010)). Some of Plaintiff's argument—about the law or the facts—is made more conspicuous by the bold typeface he uses. *E.g.*, *id.* ¶ 29 ("**Defendants' presentation of Officer Reynolds's attack and savage beat down of Mr. Johnson presents a fake narrative paints [sic] a misleading picture.**"). Arguments and invocations of legal authority are, of course, not facts, which alone are what should appear in Plaintiff's Statement.

Plaintiff's Statement also contains facts that are not material, or whose materiality to Defendants' Motion for Summary Judgment is not readily apparent. *E.g.*, *id.* ¶ 15 ("Heckler Harrison never incited the bystanders against the police as the audio evidences. Harrison video, *passim.*"); *id.* ¶ 16 ("Heckler Harrison never urged Horton Smith-Shearer to break free nor did he urge anyone to intervene to break him free. Harrison video, *passim.*"). To the extent that facts in

his Statement are material *because of Defendants' material facts and/or arguments*, the Court expects that Plaintiff would address the issue in his Objections, potentially in the Additional Facts filing, and/or in his opposition brief. Material facts additional to those that Defendant has raised and/or Plaintiff has objected to should appear in Plaintiff's Additional Facts, not a separate Statement.

In light of the Court's analysis above, to accept Plaintiff's Statement would require the Court to do the very winnowing exercise that the Court of Appeals says the trial court need not do. Moreover, Plaintiff has already had a chance to correct his Statement. *See* Min. Order of Feb. 21, 2019. He was required to bring it into compliance with Paragraph 6 of the Court's Scheduling and Procedures Order, which states that "[t]he Court **strictly adheres to the dictates of Local Civil Rule 7(h)**" and "strongly encourage[s]" the parties to "carefully review [*Jackson*] on the subject of Local Civil Rule 7(h)." Scheduling and Procedures Order, ECF No. 20, ¶ 6(a). Plaintiff was expressly advised of the relevant rule and the controlling case, and Plaintiff did not heed that instruction.

The difficulties of addressing Plaintiff's Statement would not be reserved to the Court. Defendants would be prejudiced in preparing their response to such a flawed version of what Local Civil Rule 7(h) requires. For example, as they observe, Defendants presumably would need to "make improper arguments" to counter Plaintiff's arguments. Defs.' Mem. at 4-5. They also would need to scrutinize certain of Plaintiff's paragraphs that consist entirely of images to estimate the material fact(s) asserted by Plaintiff, and to respond accordingly. *Id.* at 7; Pl.'s Stmt. ¶¶ 42, 43. Defendants' trouble responding to Plaintiff's defective Statement would further inhibit the Court's efforts to "decide [the pending] motion[ ] for summary judgment efficiently and effectively." *Jackson*, 101 F.3d at 150.

Plaintiff need not articulate his own version of the story to support a motion that he makes; indeed, he does not pursue summary judgment, for he believes that genuine issues of material fact preclude relief at this stage. Pl.'s Opp'n to Defs.' Mot. for Summ. J., ECF No. 37, at 1-2. To make his point, it is enough for Plaintiff to deny, as necessary, the pertinent facts offered by Defendants and to add any material facts that Defendants have omitted. Plaintiff's lengthy Statement goes well beyond the latter additions. It is not as if striking Plaintiff's Statement would leave Plaintiff without factual material for his Opposition to Defendants' Motion for Summary Judgment, because the Court would consider his Objections. Plaintiff has disputed, or otherwise raised some issue with, nearly every paragraph in Defendants' Statement; if the Court agrees with some or all of Plaintiff's contentions, then the Court may find that Defendants are not entitled to summary judgment, or are entitled only in part. Depending on the responsiveness of Plaintiff's Additional Facts, the Court would consider that filing as well in assessing whether a material factual dispute precludes summary judgment. And, of course, the Court would consider the record upon reviewing Defendants' Statement, Plaintiff's Objections, and, assuming *arguendo* their responsiveness, Plaintiff's Additional Facts. *See Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 505 (D.C. Cir. 2016) ("The District Court 'must always determine for itself whether the record and any undisputed material facts justify granting summary judgment.'" (quoting *Grimes v. District of Columbia*, 794 F.3d 83, 97 (D.C. Cir. 2015) (Griffith, J., concurring)).[3]

---

[3] Plaintiff reads *Burke v. Gould*, 286 F.3d 513, 516-20 (D.C. Cir. 2002) to "requir[e] that the district court consider evidence submitted pursuant to Federal Rule 56(c), regardless of the non-movant's compliance with the local rule." Pl.'s Opp'n at 6. But that case relies on a prior version of Federal Rule 56(c) that has been materially revised in the interim. *See* Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendments (considering current subdivision (c) to be "new"). In any case, the Court shall consider the record, even though Plaintiff has not complied with Local Civil Rule 7(h).

Nor does the Court need to proceed paragraph by paragraph through Plaintiff's Statement to determine which paragraphs, if any, are (in)appropriate. For the reasons set forth above, his paragraphs are generally problematic. The Court would exclude a number of the paragraphs, leaving relatively few left. To the extent that Plaintiff does have genuine issues of material fact to raise, the Court shall consider his effort to do so in his Objections and, assuming *arguendo* their responsiveness, in his Additional Facts.

Defendants have discharged their burden to show that the Court should strike Plaintiff's Statement for failure to comply with Local Civil Rule 7(h). *Jackson*, 101 F.3d at 154 (recognizing trial court's discretion to grant motion to strike "under the plain terms" of materially identical predecessor rule). None of Plaintiff's other arguments affect the Court's decision.

For the foregoing reasons, in an exercise of its discretion, the Court shall **GRANT** Defendants' [40] Motion to Strike Plaintiff's Statement of Undisputed Material Facts. The Clerk of Court shall **STRIKE** from the record Plaintiff's [35] Statement of Undisputed Material Facts. Defendants shall be given an opportunity to reply to Plaintiff's [37] Opposition to Defendants' Motion for Summary Judgment, including his [29-1] "Defendants' Statement of Undisputed Material Facts with Plaintiff's Final Objections and Counter-statement of Facts" but exclusive of Plaintiff's stricken Statement of Undisputed Material Facts.

As part of their reply, Defendants shall indicate their view of whether, and to what extent, Plaintiff's [29-2] "Additional Facts Relevant to Defendants [sic] SMF" is responsive to Defendants' [41-1] Statement of Undisputed Material Facts. If and to the extent that the "Additional Facts Relevant to Defendants [sic] SMF" filing is indeed responsive, then the Court

expects Defendants to address the contentions therein pursuant to Local Rule 7(h).

An appropriate Order accompanies this Memorandum Opinion.

Dated: August 9, 2019

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge